UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Commissioner of Motor Vehicles,<br><br>                              Plaintiff,<br><br>            -against-<br><br>Saverio Amelio, PPA Carmine P. Amelio,<br><br>                              Defendants. | 24-CV-3543 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Defendants removed this case from the Superior Court, Judicial District of Litchfield at Torrington, Connecticut's Criminal and Motor Vehicle Session on May 7, 2024. Dkt. 1. Carmine Amelio also moved to proceed *in forma pauperis*. Dkt. 2.

Because the proper venue for removal is the District of Connecticut and not the Southern District of New York, the Court *sua sponte* remanded based on the procedural defect of removing to the wrong district. Dkt. 4. The Court also denied Amelio's motion to proceed *in forma pauperis* based on the omission of crucial information in the application and certified that an appeal from the remand order would not be taken in good faith, therefore denying *in forma pauperis* status for the purpose of an appeal. Dkt. 7. Amelio then moved for reconsideration of the Court's order. Dkts. 8, 10.

Amelio may amend the application to proceed *in forma pauperis* in this case if Amelio so wishes. However, the motion for reconsideration of the Court's certification that an appeal would not be taken in good faith is denied. "[I]f an appeal is frivolous it is not taken in good faith," *Burgess v. Costco Wholesale Corp.*, 2024 WL 4756349, at *1 (S.D.N.Y. Oct. 29, 2020), and any appeal from the Court's order remanding the case is clearly frivolous for the following reasons:

1. The Second Circuit has interpreted 28 U.S.C. § 1447(c) to authorize district courts to remand *sua sponte* for procedural defects within 30 days of the notice of removal. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006). Here, there is no question that removal from a Connecticut state court to the Southern District of New York was procedurally defective, as the proper venue for a removed case is the federal district that "embrac[es]" the state court. 28 U.S.C. § 1441(a). The remand order was issued only three days after the notice of removal was filed. And a *sua sponte* remand under 28 U.S.C. § 1447(c) is not appealable under 28 U.S.C. § 1447(d), which states that "[a]n order remanding a case . . . is not reviewable on appeal or otherwise." *See also Mitskovski*, 435 F.3d at 131 ("[R]emands . . . authorized by section 1447(c)[] are barred from review by section 1447(d).").

2. The case Amelio seeks to remove is No. L18W-MI24-0802226-S. *See* Dkt. 1. Amelio claimed in the Notice of Removal that this Court has subject matter jurisdiction based on diversity of citizenship and that the "amount in controversy exceed[s] $75,000.00," *id.*, but failed to attach any of the underlying state court documents associated with No. L18W-MI24-0802226-S to the Notice of Removal. This obvious procedural defect aside, *see* 28 U.S.C. § 1446(a) (requiring that a notice of removal be filed along with "a copy of all process, pleadings, and orders served upon such defendant"), a notice of removal must include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). It is simply not plausible that a single traffic ticket for failure to comply with a traffic control signal would have a fine greater than $75,000, as Amelio claims. The Court takes judicial notice of "dockets from other courts' proceedings because they are public records," *see Deutsche Bank Nat'l Tr. Co. v. Nunes*, 2023 WL 3902144, at *1 n.1 (E.D.N.Y. May 3, 2023) (citing *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)), and the docket for No. L18W-MI24-0802226-S indicates that this is a case in the Criminal and Motor Vehicle Session of the Connecticut Superior Court. Saverio Amelio is charged with violating Conn. Gen. Stat. § 14-299 (2023), which requires drivers of automobiles to comply with traffic control signals. So Amelio is trying to remove an open traffic ticket to federal court. The Court also takes judicial notice of the Superior Court's Mail-In Violations and Infractions Schedule, which is a public document provided by the State of Connecticut and published on the State of Connecticut Judicial Branch's public website. *Haru Holding Corp. v. Haru Hana Sushi, Inc.*, 2016 WL 1070849, at *2 (S.D.N.Y. Mar. 15, 2016) (taking judicial notice of public information provided by a state government); *Lewis v. M&T Bank*, 2022 WL 775758, at *2 n.4 (2d Cir. Mar. 15, 2022) ("We regularly take judicial notice of agency documents on official websites."). This schedule indicates that the total amount due (including the fine and associated fees) based on a traffic ticket issued for an infraction of Conn. Gen. Stat. § 14-299 is $139.00. This is all that the state of Connecticut sought when it issued the parking ticket, and it is a far cry from Amelio's claimed $75,000. A district court must remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). There is no plausible allegation in this case that the amount in controversy requirement for diversity jurisdiction is satisfied, so the case was improperly removed on this basis as well. And again, such a remand is not reviewable on appeal under 28 U.S.C. § 1447(d).

Given that removal of Saverio Amelio's traffic ticket to this federal court was clearly inappropriate for the above reasons, and that federal law clearly states that remand orders issued under 28 U.S.C. § 1447(c) cannot be appealed, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order or the orders at Dkts. 4 and 7 would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 8 and 10.

SO ORDERED.

Dated: February 3, 2025
       New York, New York

                                        ARUN SUBRAMANIAN
                                        United States District Judge